IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREGORY C. KRUG, | ) | |
| | ) | |
| PLAINTIFF, | ) | NO. 3:11-00645 |
| | ) | JUDGE HAYNES |
| V. | ) | |
| | ) | |
| R. DAVID BAKER AND DAVID R. HEROUX | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER

Plaintiff, a federal prisoner, filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the Defendants R. David Baker and David R. Heroux, his court appointed attorneys in his criminal action that led to Plaintiff's conviction.

Plaintiff asserts claims that the Defendants violated his Sixth Amendment right to effective assistance of counsel by negligently informing him that he had violated his supervised release, which resulted in his incarceration until April 10, 2008 and his confinement at a halfway house until October 11, 2008. Plaintiff contends that Defendant Baker is liable because he was acting under the claim of federal authority when he committed the alleged acts, and that Defendant Heroux is liable because his alleged negligence was motivated by a conspiracy with a government employee. Plaintiff seeks $9,597,060 in damages.

Under the Prison Litigation Reform Act, the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants

dismissal when the claim "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). As to factual allegations, "[t]he facts must be delusional to be frivolous . . . the standard is not whether or not the district court believes the [plaintiff] – rather it is whether the facts are rational." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990). Finally, pro se complaints are to be construed liberally by the courts. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

Bivens applies the same analysis as precedents under 42 U.S.C. § 1983. See Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). To state a claim for an action under § 1983, the plaintiff must allege deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-56 (1978). Both elements must be alleged to state a claim. See Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

As Plaintiff's appointed counsel, Defendants Baker and Heroux do not act under color of law. Polk County v. Dodson, 454 U.S. 312, 318, 321 (1981). Plaintiff's allegations of Defendant Heroux' conspiracy with a government officer lacks any factual specificity. Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987)("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983"(citation omitted)). Accordingly, the Court concludes that Plaintiff fails to state a claim for relief under Bivens against the Defendants.

For these reasons, Plaintiff's complaint is **DISMISSED** as legally frivolous under 28 U.S.C. § 1915A(b). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the ___ day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge